IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

OSCAR J. CHAPMAN,

       Plaintiff,

v.                                 Case No. 2:23-cv-00422

STATE OF WEST VIRGINIA, *et al*.,

       Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

*I.    PROCEDURAL HISTORY*

On June 5, 2023, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a "Notice of Intent to Sue," which was construed as a civil complaint under 42 U.S.C. § 1983 (ECF No. 2). On October 24, 2023, Plaintiff provided an updated mailing address in Newark, Delaware. (ECF Nos. 7 and 8). After learning that he had been released from custody in West Virginia, on October 27, 2023, the undersigned ordered Plaintiff to complete a new Application to Proceed Without Prepayment of Fees and Costs ("Application") before this matter could proceed. Plaintiff's new Application was due by November 13, 2023. However, no new Application was filed, and Plaintiff has failed to communicate with the Court since October of 2023.

In accordance with Local Rule of Civil Procedure 41.1, on January 16, 2024, the undersigned entered an Order to Show Cause directing Plaintiff to respond in writing by February 16, 2024 to advise the court of his intent to further pursue this matter and to show cause why this civil action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff was further notified that the failure to provide good cause for retention of this matter by that time would result in this civil action being dismissed. Plaintiff did not timely respond to the Order to Show Cause and has failed to communicate in any way with the Court since his release from custody.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

2

Plaintiff failed to comply with the undersigned's October 27 2023 Order and Notice to timely file a new Application form and the undersigned's January 16, 2024 Order to Show Cause.  Thus, he has failed to prosecute this action as required.  The responsibility for the delay in the progress of this matter is entirely on Plaintiff and dismissal, as expressly warned in the undersigned's Order to Show Cause, appears to be the only appropriate sanction.

## III.    FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this civil action.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.  Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States*

*v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at his last known address.

May 9, 2024

Dwane L. Tinsley
United States Magistrate Judge

4